Argued and submitted September 27, 1993, reversed and remanded for
reconsideration May 4, 1994

Virginia Lynne GRASLE,
*Petitioner,*

*v.*

MOTOR VEHICLES DIVISION,
*Respondent.*

(033203; CA A78728)

873 P2d 1114

Clifford B. Olsen argued the cause for petitioner. With him
on the brief were Stephen K. Bushong and Miller, Nash,
Wiener, Hager & Carlsen.

J. Dean Taylor, Assistant Attorney General, argued the
cause for respondent. With him on the brief were Theodore R.
Kulongoski, Attorney General, and Virginia L. Linder, Solici-
tor General.

Before Deits, Presiding Judge, Richardson, Chief Judge,*
and Riggs, Judge.

RICHARDSON, C. J.

---

* Richardson, C. J., *vice* Durham, J.

## RICHARDSON, C. J.

Petitioner's driver's license was suspended after she had a motor vehicle accident but had no liability insurance or other proof of financial responsibility. ORS 809.410(21). She sought rescission of the order of suspension under ORS 809.450(3)(e), which allows rescission if the Division determines

> "[t]hat at the time of the accident the person reasonably and in good faith believed that the person was in compliance with financial responsibility requirements and the person is currently in compliance with financial responsibility requirements."

The Division refused to rescind the suspension. Petitioner seeks review, and we reverse and remand for reconsideration.

We take the facts from the Division's hearings officer's findings. On February 1, 1992, petitioner was involved in a motor vehicle accident while driving a car owned by her husband's business. There was no motor vehicle liability insurance covering the vehicle. The company car and petitioner's personal car had been insured previously under the company's vehicle policy. Petitioner's husband had sold the assets of the company in 1990, but retained the company name. Insurance coverage was extended for the two vehicles under the company name. In August, 1991, the insurance agent for the company's policy called petitioner and told her that the insurance coverage for the vehicles had expired. She told her husband and he obtained coverage on September 3, 1991. He gave petitioner an insurance identification card provided by the carrier for her personal car that showed coverage in effect from September 3, 1991, to March 3, 1992. There was a similar identification card for the company car showing coverage for the same period.

In December, 1991, the insurance carrier canceled the policy because the total premium had not been paid by the company. The insurance carrier had sent a warning letter and a cancellation notice but neither petitioner nor her husband received them. The letter and notice were addressed to petitioner's husband's former business and sent to a post office box for that business.

Petitioner argues that she established, under ORS 809.450, that she "reasonably and in good faith believed" that she had liability insurance. The Division has promulgated several interpretive rules and guidelines for determining whether a person is entitled to rescission of the suspension under ORS 809.450. The Division relied on one of those rules, OAR 735-50-064(1)(e), in declining to rescind the suspension. That rule provides:

"(1)   Examples of beliefs that do not constitute a reasonable and good faith belief include, but are not limited to, the following:

"* * * * *

"(e)   Belief that a spouse normally pays all bills and must have paid an insurance premium[.]"

Petitioner argues that the Division erred in using this particular guideline as a basis for its decision. We agree. The thrust of the example in the rule is that one spouse simply assumes there is insurance because the other spouse pays all the bills, so must have acquired insurance. Petitioner, however, did not base her belief that the cars were covered on an assumption that, because her husband paid all the bills, he must have bought insurance. When she was notified that the vehicle insurance had lapsed, she told her husband and he arranged for insurance through his business. The insurance company gave petitioner and her husband identification cards showing coverage for the vehicles until March 3, 1992. She received no contrary information. The card is *prima facie* evidence of coverage that she could depend on absent other information about the policy. The question is whether her reliance on the identification card provided by the carrier supported a reasonable good faith belief that she had coverage.

The Division said that petitioner had failed to distinguish her situation from the example recited in OAR 735-50-064(1)(e). We conclude that she has and that the Division did not address the basis of her belief that she had coverage to determine if it was reasonable and in good faith. The rule, cited by the Division, does not apply by its terms.

Reversed and remanded for reconsideration.